WILLIAM WILTON *vs.* MIDDLESEX RAILROAD COMPANY.

Suffolk. March 19. — July 29, 1878. AMES & MORTON, JJ., absent.

If a child, while riding with due care on the platform of the car of a horse railroad corporation, not as a passenger for hire, but by invitation of the driver, and without collusion with him to defraud the corporation, is injured through his negligence in driving the car, the parent of such child may maintain an action against the corporation for the loss of services of the child occasioned by such injury.

An action by a parent against a corporation, for the loss of services of his child occasioned by an injury to the child through the negligence of a servant of the corporation, is not barred by the fact that the child, by his parent as next friend has already recovered damages against the corporation for the same injury.

TORT for loss of services of Ellen Wilton, a daughter of the plaintiff, occasioned by her being run over by one of the defendant's cars on July 16, 1868. Writ dated June 22, 1874.

At the trial in the Superior Court, without a jury, before *Pit-man*, J., it appeared that Ellen Wilton had, in the name of her father as next friend, brought an action against the defendant, and recovered $5000 for the injuries done her by this accident. 107 Mass. 108. It also appeared that there had been a guardian appointed by the court, who had paid the plaintiff four dollars a week under the order of the court, and had provided some clothing for Ellen.

Evidence was offered tending to show that the defendant, after diligent search, had never been able to find any person who saw the accident, or any driver who drove the car on which the accident is alleged to have occurred. All the evidence as to the accident was that introduced by the plaintiff, and was as follows:

Ellen Wilton testified: " I am twenty-one years and two months old. I met with an accident on the railroad on Charlestown Bridge on July 16, 1868; I was twelve years and seven months old at that time; four of us girls were going over Charlestown Bridge, and a Charlestown Neck car was going over slowly; on its side was painted ' Middlesex R. R.' The driver called us on; he said, ' Come on, girls, and have a ride.' They all got on, and I was getting on; had one foot on, when the driver slapped his horses with the reins, and I hallooed to him to stop half a dozen times, but he paid no attention; then 'I fell off or was jerked off. The horses started on a gallop when the driver slapped them. I got on the front of the car; the other girls got on front; I had one hand on one iron on the side, and one on the other, and one foot on one step; I was dragged on the ground five or six yards; I was hallooing to him to stop, and he did n't; the wheel went over my arm."

Ellen Dempsey testified: " I was present when Ellen Wilton got on the car; I was thirteen years old at the time; four of us were standing on the curbstone of the old draw; a car came along; the driver told us to hop on or get on; Ellen was barely on the car, had one foot on; I do not believe the driver knew any of us; the car was going slowly when we got on; no one was on front but the driver; we did not attempt to go into the car; in the middle of the draw the driver slapped the horses; they gave a gallop, and Ellen was thrown forward off the car; when she fell I hopped off; she was picked up; the driver drove

off like everything; the car had gone over her arm." On cross-examination, she testified: "I could have gone behind the driver; there was nothing to prevent Ellen from getting farther, except that she had not time to do so; before we got off the draw, Ellen fell off."

This was all the evidence in the case as to the accident; and the defendant contended that the plaintiff had not made out a case, and asked the judge to rule as follows:

" 1. Upon all the evidence, there has been shown such a want of due care on the part of Ellen Wilton that the plaintiff cannot recover.

" 2. From the evidence, it appears that it was the intention of both Ellen Wilton and the driver that she was to ride upon the car without paying her passage, and the defendant therefore was not a common carrier as to this plaintiff.

" 3. On the question of damages, if the plaintiff has received any pay or money from his daughter out of the verdict, paid him as her next friend, or in any way for board, or on account of her relation to him as daughter, such amount must be deducted from the damages, if any; and if the amount received is equal to the loss of service, then he cannot recover at all.

" 4. The former action having been brought by the plaintiff, and money having been paid to him as next friend, he cannot maintain an action for any loss of service, because he has already been paid therefor."

But the judge refused so to rule; and ruled that there was evidence of due care on the part of the plaintiff; that the defendant was a common carrier of passengers as to this plaintiff, and was bound to use due care as such towards his daughter; that the former payment to the plaintiff, as next friend, had no effect to bar this action; that the money paid by the guardian, while it might be considered as extinguishing any claim the plaintiff might have had for expense incurred for the support of the child, did not take away or reduce his right to recover the reasonable value of her net earnings to her father over and above vhat, but for the accident, her support would have cost; and found for the plaintiff in the sum of $500. The defendant alleged exceptions.

*L. M. Child*, for the defendant.

*A. R. Brown,* (*E. A. Alger* with him,) for the plaintiff.

LORD, J.   We do not understand that the presiding justice ruled, as matter of law, that the evidence conclusively proved the exercise of reasonable care on the part of the plaintiff's daughter; but that there was evidence proper for him to consider upon this subject.   That ruling we think was right, and with his finding upon the question this court cannot interfere.   Whether the relation of carrier of passengers for hire existed between the defendant and the plaintiff's daughter was also a question of fact, properly to be decided by the tribunal to which the facts were submitted.   The payment of fare is not a necessary condition precedent to such relation ; nor does the fact that no fare was to be paid preclude the supposition that such relation existed.   The same point was before this court upon the trial of the action of the daughter against this defendant; and it was there held that, under the facts proved in the case, such relation might exist. *Wilton* v. *Middlesex Railroad,* 107 Mass. 108.   The question, however, does not necessarily arise in this case.

If the defendant's servant, in the course of his employment, carelessly ran over the child, and did an injury to her which resulted in a loss of service to the parent, the defendant is liable, wholly·irrespective of the question whether such child was a passenger.

The previous suit is not a bar to the present.   The money which the plaintiff received in the former action is not his money; nor can he appropriate it to the payment of labor which the child was bound to perform.   The measure of damages in the former action was the injury to the child, and not the injury to the father.   It is analogous to the cases, formerly quite frequent, in which, for injuries to a wife, the husband and wife must join for personal injuries to the wife ; but, for the expenses incident thereto, the·husband must bring his sole action in his own name.

The rulings requested were properly refused, while the principles acted upon ·by the presiding judge were quite sufficiently favorable to the defendant.          *Exceptions overruled.*