## The Union Pacific Railway Company v. Jones.

1. Practice—Examination of Jurors.

Within reasonable limits, counsel have a right to put questions to jurors upon their *voir dire*, not only for the purpose of ascertaining whether grounds exist for challenges for cause, but also for the purpose of intelligently exercising their peremptory challenges. Beyond this, the matter of examination rests almost entirely in the discretion of the trial judge.

2. Evidence.

Where the condition of a roadbed at the time of the accident is material, evidence of the rotten condition of the ties six months before the accident is proper for the consideration of the jury, with other evidence tending to show the condition of the roadbed at the time of the accident.

3. Same.

Where it is proper to prove a previous recovery, the record is the best evidence thereof.

4. Same—Res Inter Alios Acta.

It seems that in an action by a father for money expended by him for medical attendance, nursing, etc., for his daughters, occasioned by injuries received in a railroad accident, the record of an action brought by the daughters on their own behalf should not be admitted, it being *res inter alios acta.*

5. Measure of Damages.

The rule as to the measure of damages recoverable in an action by a husband against a railroad company for money expended for medical attendance, etc., and for the loss of services and society of his wife, occasioned by injuries received in a railroad accident, are stated in the opinion.

6. Parent and Child.

A father is liable for expenses incident to his daughter's injuries when the child is too poor to pay.

7. Same.

The fact that a child has obtained its majority does not, *ipso facto*, work the emancipation of the child, although it does give either the child or the parent the right to renounce the relation and avoid the duty and liability incident thereto.

*Appeal from the District Court of Arapahoe County.*

This action was commenced by appellee, John Jones, in the district court of Arapahoe county, for the purpose of recovering for moneys expended for medical attendance, nursing, medicines, etc., for his wife and daughters, and also to recover for the loss of services of his wife and daughters, and loss of the society of his wife, occasioned by injuries received as hereinafter stated.

The plaintiff was on the 4th day of September, 1890, the husband of Catherine Jones, and the father of two daughters, named, respectively, Gladys and Winifred Jones, each of these daughters being past their majority at the time. The mother and daughters were all members of plaintiff's household, the younger daughter attending school, and the elder, Gladys, assisting her mother in the household duties, and all being in good health.

On the day mentioned, the mother and daughters took passage at Bailey for Denver, upon one of defendant's railroads, and while being carried the train was thrown from the track and all three injured, without negligence on their part. As the result of these injuries, medical attendance was required for a long time, and the father was deprived of the assistance of his wife and daughters. It appears from the record that the wife and two daughters brought suit for dam-

ages in the United States circuit court, the cases having been heard and determined in that court before the trial of the present case in the state court.    The present action was tried to a jury, and resulted in a verdict and judgment of $5,250.

The court, evidently being in some doubt as to the right of recovery based upon the injuries received by the daughters, submitted several special interrogatories, which were answered by the jury, so that these items can be readily separated, if necessary, from the general verdict.    Of the total verdict, the sum of $250 only was allowed in this behalf, the jury limiting the same to the expenses incurred by the plaintiff in the care and treatment of his daughters.    Judgment having been entered on the verdict, the defendant, the Railroad Company, brings the case into this court by appeal.

Messrs. Teller, Orahood & Morgan, for appellant.

Messrs. Wells, McNeal & Taylor, for appellee.

Chief Justice Hayt delivered the opinion of the court.

A large number of errors are assigned, but in their consideration we think we may properly group them under five heads, as has been done in argument.

Upon the examination of the jurors upon the *voir dire*, each was asked by the plaintiff, against the objection of the defendant, as to whether or not he was a man of family, and the ruling of the court permitting this question is assigned for error.    We think there was no error in this ruling. While the answers to the questions propounded could furnish no basis for a challenge for cause, it is customary to allow such questions to be put to the jurors in order that counsel may advisedly exercise their peremptory challenges. Within reasonable limits, counsel have the right to put questions to jurors not only for the purpose of ascertaining whether or not grounds exist for challenges for cause, but also for the purpose of intelligently exercising their peremp-

tory challenges. But beyond this the matter of examination must be allowed to rest almost entirely in the discretion of the trial judge.

Among the witnesses introduced by plaintiff was E. F. Arthur, chief clerk for the superintendent of the road. Arthur, among other things, testified to an inspection of the road made in the month of April, preceding the accident. This evidence was received without objection, but after its reception, it being disclosed that this inspection was made some months before the accident, the defendant asked to have it stricken out. This motion was refused by the court and error assigned upon such refusal.

We think the motion was properly overruled for two reasons:

1st. Whether or not the defendant was operating the road was a controverted question at the time the evidence was received, and it was competent upon this issue.

2d. The record does not support the claim of counsel that the witness testified as to the condition of the road at the time the inspection was made. If he had given evidence as to the rotten condition of the ties six months before the accident, as contended, we think such evidence not improper for the consideration of the jury, with other evidence tending to show the condition of the roadbed at the time of the accident.

Error is assigned upon the refusal of the court to allow certain questions to be put upon cross-examination to each of the Misses Jones. The contention of counsel for appellant in this regard is that each of these witnesses described at this trial injuries not mentioned upon the trials in the United States court, and that he was denied proper cross-examination in this case as to the testimony of the same witnesses in those actions. But a careful examination of the transcript discloses that such objections as were sustained to this character of evidence were sustained because of the objectionable form of the interrogatories, and that afterwards, in response to other questions, the witnesses were fully ex-

amined as to the testimony given by each at the preceding trials.

The following questions were also objected to, and the objections sustained: " You instituted a suit in the United States circuit court to recover damages for these same injuries, did you not? Have you recovered a verdict in that suit?" The questions were properly excluded for several reasons, among which we need only mention the following : Where it is proper to prove a previous recovery, the record is the best evidence thereof. Again, in this case the offer did not include proof of a judgment, and for this reason it was properly rejected. Moreover, in a number of recent cases it has been held, under somewhat similar circumstances, that the record itself should not be admitted, it being *res inter alios acta. Bridger v. R. R. Co.*, 27 S. C. 456 ; *Karr v. Parks*, 44 Cal. 46 ; *Wilton v. Middlesex R. R. Co.*, 125 Mass. 130.

These cases proceed upon the theory that the measure of damages in one action is based upon injury to the child, and in the other upon injury to the father. In so far as the wife is concerned, the principle in these cases applies, but the children in this instance having passed their majority at the time of the accident, in view of the peculiar circumstances of this case, we doubt its applicability; but, as we have shown, the evidence was properly excluded for other reasons, and we therefore leave this question undetermined.

Coming now to the evidence of damages and the charge of the court in reference thereto, it must be borne in mind that the measure of damages in case of the wife is necessarily different from that in case of the daughters.

First, as to the wife, the court instructed the jury in substance as follows : The husband can recover nothing for pain or suffering endured by the wife, nor for any mental anguish suffered by himself in consequence of her injuries. He is limited to such damages as will compensate him for the actual pecuniary loss which he has individually sustained. In case you believe from the evidence that he is entitled to recover, you should assess his damages at such sum as will

compensate him for any expense incurred by him for medical treatment, or for expenses incurred in effecting, or having a tendency to effect, her cure, including such sums as have been necessarily expended by him in nursing and caring for her during her illness from such injuries, and also for the loss of his own time necessarily expended by him in caring for his wife during the time of her illness, resulting from such injuries, at such sum as his time is shown to have been reasonably worth. If you believe from the evidence that his wife has not yet fully recovered from the injuries caused by the accident, and that such injuries are the direct and necessary result of the accident, you may estimate the future expense and loss likely to be sustained by him from further treatment and care in fixing the amount of the damages which you allow to plaintiff for such loss.

He is also entitled to recover for the loss, past, present and prospective, of the society of his wife caused directly by such injuries, if any. The law affords no criterion by which such damages can be estimated, but leaves it to your sound discretion. In particular, the court cautioned the jury to carefully consider the condition of the wife prior to the happening of the alleged accident, her ability to respond to the rightful demands of her husband as a social being, and her condition since then, and the condition which is likely to follow; also, how far the changed condition, if there has been a change in her condition, was brought about as a necessary and direct result of the alleged accident, and allow plaintiff therefor such sum as in your honest and unbiased judgment will compensate him for such loss.

The jury were also instructed that if at the time of the injuries alleged to have been sustained, his wife was not engaged in business of any kind, but was simply discharging the duties of a housekeeper to her husband, the plaintiff, without compensation, he was still entitled to recovery, and in case a verdict should be returned for him, he should be allowed such additional sums of money as her services are shown to have been worth from the time of the happening

of the alleged accident to the time of the trial, and in case the jury believed from the evidence that she would have continued to serve him in such capacity, then for such further loss of services as he will sustain in that particular, if caused directly by such injuries.

The foregoing instructions embody, in substance, the law as laid down by Sutherland on Damages, vol. 3, pages 279 and 280, and we think are free from error prejudicial to the defendant.

As to the plaintiff's right of recovery for damages caused to him by reason of the alleged injury to his daughters, the court instructed the jury that there could be no recovery on account of pain and suffering endured by his daughters, or either of them, nor on account of his own mental anguish and distress caused by their misfortune. The court also instructed the jury that there could be no recovery by the father for moneys paid out in attempting to effect their cure, unless they found from the evidence that he was entitled to and was receiving their services at the time of the happening of the alleged accident. But in case the jury believed that up to the time the alleged injuries were sustained, his daughters, or either of them, were still living with the plaintiff as members of his family and were rendering services to him without compensation, then and in that event he should be allowed as damages such sums as he necessarily expended in medical treatment, medicines, nursing, and such extra costs and expenses as he necessarily incurred by reason of the injuries sustained by them caused by the accident for which he sues, but that nothing could be allowed him for any loss of service nor for any loss of their society.

The uncontradicted evidence shows that at the time of the accident the daughters were members of the plaintiff's household. In addition, it is alleged in the complaint, and the plaintiff offered to prove at the trial, that they were each entirely without the means of support, except as the same

were furnished by him, but this evidence being objected to by the defendant was excluded by the court.

It is urged by counsel that no legal obligation rested upon the plaintiff to pay the expenses incident to his daughters' injuries, and that he could not voluntarily make the Railroad Company his debtor by paying such expenses. The statute of this state, however, makes the father liable for such expenses in case the child is too poor to pay, and that these daughters were in this condition we must assume, in view of the offer of proof. The law casts the obligation upon the father to care for these children in their helpless condition. He would indeed have been an inhuman wretch, if, being able, he had failed to provide for them in their unfortunate condition. The fact that a child has obtained its majority, does not, *ipso facto*, work the emancipation of the child, although it does give either the child or the parent the right to renounce the relation and avoid the duty and liability incident thereto; but where the child still continues to live with the father, and the latter continues to provide it support, we think the father is justified in discharging the necessary expenses incurred, as in this case, by reason of the defendant's negligence, and that the defendant is responsible to him therefor.

By the special findings of the jury, the recovery allowed for the daughters was limited to physicians' bills and other expenses incurred by the father in the care and treatment of the daughters, the total amount being only $250. The instructions of the court and the action of the jury in this regard, we think, afford no ground of complaint on the part of the defendant. For the reasons given, the judgment of the district court will be affirmed.

*Affirmed.*