CATHERINE GALLAGHER, BY HER NEXT FRIEND, v. PUBLIC SERVICE CORPORATION OF NEW JERSEY.

Submitted March 23, 1906—Decided November 12, 1906.

In an action brought by a little girl two years and seven months old, who had lost a leg by the negligence of a trolley company, it was error for the trial justice to refuse to notice a request by defendants to charge that the jury could not allow any compensation for the loss of the earning capacity of the child until she reaches her majority.

On rule to show cause why . a new trial ' should not be granted.

Before Justices FORT, GARRETSON and REED.

For the rule, *Edward Ambler Armstrong.*

*Contra, Howard Carrow.*

The opinion of the court was delivered by

REED, J.   Catherine Gallagher, an infant two years and seven months old, was struck by a trolley car of the defending company, and was injured so as to compel two operations of her left leg above the knee.

When struck by the trolley car the child was attempting to cross the street, and we think it was a clear case for the jury upon the question whether the company and its agents were negligent in their equipment and management of the car.   The jury returned a verdict of $10,000 for the plaintiff.

The counsel for the defendant insists that there was error in the failure of the trial justice to charge two requests.   The sixth request was this: "In assessing damages the jury must take into consideration that whatever is allowed is paid now, and will be increased by interest accumulation until the child reaches her majority."   This request was obviously based upon a ruling in the case of *Hackney* v. *Delaware and Atlantic Telegraph and Telephone Co.*, 40 *Vroom* 335, in which Mr. Justice Fort, in speaking for the Court of Errors and Appeals, said that "the language of the trial judge did not take into account the fact that the widow and next of kin would come into the present possession of the fund with the future income thereof, and that what the plaintiff was entitled to recover was a capital fund, so to speak, which would represent a present value for all the pecuniary loss which would fall upon the widow and next of kin by the premature taking off of the intestate."

The language of the charge in that case was such as may have led the jury to think there was to be no discount from

the damages occurring in the future, although they were to be presently paid. The charge directed the jury to find what the deceased would have earned if he had lived, and then foot up the amount and state it in their verdict.

In the charge in the present case there was nothing said to direct the jury to add up all the damages and to return the result. The general language of the charge respecting damages was not criticisable.

There are many considerations which may be taken into account by a jury in assessing damages in a case of this kind, which considerations may be entirely proper for the counsel to discuss and for the court to charge, but which do not involve any legal proposition. The request, it is perceived, did not ask the court to charge upon this point distinctly. The request seems directed to the point that inasmuch as the parents of the child were liable for the support of the child during her minority, the amount of the verdict in the meantime would be in the hands of a guardian, without liability of diminution, and would, during a period of over eighteen years, be increased by the amount of accrued interest.

While it would have been entirely proper for the trial court to allude to this phase of the case, it would not have been proper to charge this request without modification, for there was no certainty that the fund would be so increased by the interest accumulation. The parents might die, or become disabled to provide for the girl, and so the application of the income from the fund to the support of the girl might become necessary; so it cannot be said that the court was obliged to charge the request in the language in which it was framed, even if it should be regarded as stating a legal proposition.

It is, however, further insisted that the trial justice committed error in failing to charge the fifth request, which was this: "In this case the jury cannot allow any compensation for the loss of earning capacity of the child until she reaches her majority." The trial court failed to notice this request. What the court said respecting the loss of earning power of the child was this: "It is not only the earning of money

you have to consider; it is not only the capacity to earn money—how far that is diminished—but a person has a natural right, not only a right to earn his living, but a right to the enjoyment of living." And then, again: "So you are to consider not only what lack of earning capacity would come within the measure of damages in a case like this, but also what amount of deprivation you believe would occur to such a plaintiff as this in the endeavor to ascertain what sum of money will make it up."

The loss of the future earnings resulting from the incapacity caused by the defendant was thus left without limitation, as to time, as a factor in estimating damages.

Now, it is obvious that unless the father emancipates the child before its majority, or relinquishes the right to the child's earnings, he alone will have the right to them during her period of infancy. Nothing appearing to show that he had in any way relinquished such right, there seems to be no reason why the father, on the heels of this verdict, cannot bring an action against the company for the loss of services and recover for the diminution of the wage-earning ability of the infant, caused by the defendant. *McGee* v. *Holland,* 3 *Dutcher* 86; *Wilton* v. *Middlesex Railroad Co.,* 125 *Mass.* 130.

In the face of the request, we think the trial court should have cautioned the jury not to include in its return the loss of the wage-earning ability of the girl while still an infant. The rule to show cause should be made absolute.