Cornelius J. McGreevey *vs.* Boston Elevated Railway Company.

Suffolk. January 8, 13, 1919. — March 1, 1919.

Present: Rugg, C. J., Braley, Crosby, Pierce, & Carroll, JJ.

*Judgment. Res Judicata.*

In an action by a father for expenses incurred in consequence of personal injuries sustained by his minor son by reason of the defendant's negligence and for loss of the earnings of his minor son by reason of such injuries, a judgment in favor of the plaintiff's minor son in a former action brought by the son against the defendant to recover for such injuries is not conclusive, nor apparently is it admissible in evidence, because the plaintiff was not a party nor a privy to such former judgment and must prove every essential allegation of his declaration as if his son's action had not been brought or was pending for trial.

In the case above described it was *pointed out* that, although the two rights of action sprang from the same wrong, the father's right of action for expenses incurred for his son's cure and for the loss of his son's earnings was wholly independent of the son's right of action for his injuries.

Tort for consequential damages arising from personal injuries sustained by the plaintiff's minor son Joseph McGreevey on December 24, 1908, by reason of the negligence of the defendant's servants when such minor son of the plaintiff was a passenger on an electric street railway car operated by the defendant, the plaintiff's said son having reached the age of twenty-one years on March 8, 1914. Writ dated June 18, 1914.

In the Superior Court the case was tried before *McLaughlin*, J. There was evidence introduced by the plaintiff tending to show negligence on the part of the defendant and due care on the part of the plaintiff's son. There also was evidence introduced by the defendant tending to show that it was free from any negligence

and that the plaintiff's son was not in the exercise of due care. It appeared in evidence that the plaintiff as next friend for his son Joseph McGreevey brought an action in the name of his son against the defendant growing out of the same accident. It appeared that the writ in the case of the son against the defendant was dated May 22, 1912, and that that case was tried before a jury and a verdict and judgment were secured by the son and were paid by the defendant in 1913.

After the close of the evidence the counsel for the plaintiff asked the judge "to rule as a matter of law that the only thing the plaintiff has to do in this case is to establish the amount of damage; that the liability is fixed by the previous trial in the case of Joseph McGreevey by his next friend, the present plaintiff, against the defendant." The judge refused to make this ruling.

At the close of the judge's charge the counsel for the plaintiff asked the judge to rule that there was no evidence that any money had been paid over to Joseph until he attained his majority. The judge refused to make this ruling.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

The plaintiff excepted to the last sentence in the following part of the argument of the defendant's counsel: "In the closing argument of the defendant, the defendant's counsel repeated in substance what has already been set forth from his opening argument in explanation of what this suit is for and then added the following statement — 'I claim, on the facts that this suit by the father is an afterthought. Generally a suit by the father for injuries to the son, just like a suit by a husband for injuries to his wife, is brought at the same time with the principal suit, that is with the suit brought by the son, or at all events is brought in time so that both suits are tried together. But here, although the counsel in the two suits is the same, the suit for the son was brought in May, 1912, was tried in 1913, and judgment recovered for a large sum, some $4,600, while the accident itself on which the suit was founded happened way back in December, 1908, yet all this time the father brought no suit. He never did bring suit until the son's suit was all over and the judgment paid by the defendant and until after the son had become of age in March, 1914. The writ in this suit was brought in June, 1914, five and a half years

after this accident happened.   You should consider whether, if the
father was really injured in any substantial way by the loss of the
boy's earnings, as he now claims, he would not have brought a
suit years ago.   Is it not a fair inference that the father did not
really lose much on account of this boy's injury as a matter of
fact, and that he is exaggerating the amount that the boy received
a week from his brother, and the length of time that this accident
prevented the boy from working?   It looks very much as if, be-
cause the son Joseph had come into court and got a big fist full
of money, easy money, that the father, meaning the plaintiff,
thought he would like to try his hand and see if he could not do
the same thing, and that is why this case is brought."

*S. A. Fuller & C. Toye,* for the plaintiff, submitted a brief.

*F. Ranney,* for the defendant.

BRALEY, J.   The plaintiff's son Joseph McGreevey, a mi-
nor living with his father, sued the defendant in 1912 for per-
sonal injuries suffered in 1908 when he was fifteen years of age,
and recovered judgment in 1913 for a substantial amount, which
apparently was paid to his counsel of record, who also is the
attorney for the plaintiff in the present action, brought on June 18,
1914.

It is alleged in the declaration that, because of the defendant's
negligence causing injuries to his minor son, the plaintiff has been
"put to great expense for medicines and for doctoring and nursing
said injuries and has been deprived of the earnings of his said
minor son."   The record states that, while there was evidence
tending to show negligence of the defendant and due care of the
son, the jury to whom the case was submitted under instructions,
to which no exceptions were taken, returned a general verdict for
the defendant.   The plaintiff excepted to the refusal of the judge
to rule that the liability of the defendant "is fixed by the previous
trial in the case of Joseph McGreevey by his next friend, the
present plaintiff, against the defendant railroad."

The ruling was denied rightly.   It is familiar law that a minor,
even if living with and supported by his father, is entitled to sue
for damages for personal injuries caused by the negligence of
another, and, being liable for his own torts, can of course be sued
by those who are thereby injured.   *Tripp* v. *Gifford,* 155 Mass.
108.   *Homer* v. *Thwing,* 3 Pick. 492.   But, even if the son had a

cause of action against the defendant, the father also could sue for loss of services as well as to recover expenditures incurred for the care and cure of his child. *Wilton* v. *Middlesex Railroad,* 125 Mass. 130. *Dennis* v. *Clark,* 2 Cush. 347. The measure of damages in the first action was the injury to the child and not the injury to the father. The father's right of action was not in any just sense consequential upon that of the son. It was independent of his right and was based upon the father's personal loss. The son's action was for the pain and suffering caused by the injury and for the loss of wages or diminution of earning capacity after he became of full age. *King* v. *Viscoloid Co.* 219 Mass. 420, 422. The rights of each although springing from the same wrong are independent, and the judgment in the son's case is no bar to the maintenance of the present action. *Wilton* v. *Middlesex Railroad, supra.*

It follows, that in order to recover, the plaintiff, who was not a party or a privy to the former judgment, must prove every essential allegation of the declaration as if the son's action had not been brought or was pending for trial. *Duffee* v. *Boston Elevated Railway,* 191 Mass. 563. *Hey* v. *Prime,* 197 Mass. 474. *Erickson* v. *Buckley,* 230 Mass. 467.

The remaining exceptions to the admission of evidence, to the statements of counsel for the defendant in his opening, and in his closing argument to the jury, and to the refusal of the court to rule, "that there was no evidence that any money had been paid over to Joseph until he attained his majority," either were within the legitimate rights of counsel or relate to the question of damages and, having become immaterial because of the verdict, require no discussion. *Robinson* v. *Fitchburg & Worcester Railroad,* 7 Gray, 92. *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527, 533. *Ducharme* v. *Holyoke Street Railway,* 203 Mass. 384, 392.

*Exceptions overruled.*