530 P.2d 969 (1975)
STROUT REALTY, INC., et al., Plaintiffs-Appellants,
v.
Ralph Z. SNEAD and Helen Snead, Defendants-Appellees.
No. 74-019.
Colorado Court of Appeals, Div. I.
January 7, 1975.
*970 Weinshienk, Miller, Goldburg & Borus, H. Michael Miller, Barry Permut, Denver, for plaintiffs-appellants.
Delaney & Balcomb, John A. Thulson, Glenwood Springs, for defendants-appellees.
Selected for Official Publication.
STERNBERG, Judge.
The individual plaintiffs, who are real estate brokers, and their employer, Strout Realty, Inc., filed this suit alleging breach of an open listing contract relating to real estate owned by defendants. Pursuant to C.R.C.P. 12(c), defendants moved for, and were granted, a judgment on the pleadings. We reverse.
At the time of defendants' motion, the court had before it the complaint with the listing contract and a proposed receipt and option contract attached as exhibits, the amended answer, which contained affirmative defenses, and a reply to affirmative defenses. These documents disclosed the following salient facts: On April 25, 1973, defendants signed an open listing contract giving plaintiffs the right to sell their property on certain specified terms, agreeing to pay a 10% commission, and consenting to an equal division between plaintiffs and defendants of any deposits that might be forfeited by a prospective buyer. On May 5, 1973, plaintiffs presented defendants with a receipt and option contract, signed by a prospective purchaser which purportedly complied with all the details of the listing contract; however, defendants refused to sign the contract or pay the sales commission, and this suit followed.
In considering a motion for judgment on the pleadings, the court must construe the allegations of the pleadings strictly against the movant, must consider the allegations of the opposing parties' pleadings as true, and should not grant the motion unless the pleadings themselves show that the matter can be determined upon the pleadings. 3 V. Dittman, Colorado Practice § 12.3; see 6 J. Moore, Federal Practice ¶¶ 56.11 and 56.17 (2d ed.); cf. Greenberg v. Taylor, 152 Colo. 342, 382 P.2d 191.
One paragraph of the complaint alleged generally that the brokers had complied with the terms of the listing contract by producing a purchaser ready, willing and able to perform. This allegation was not necessarily tied solely to the receipt and option contract. Based upon that paragraph, evidence could well have been adduced upon which plaintiffs could prevail. Thus, since the general statement in the complaint raises issues which are not capable of being determined solely by reference to the pleadings, granting of the motion for judgment on the pleadings was error.
Moreover, at this stage of the proceedings at least, we do not agree with the trial court's determination that, since the proposed contract was a mere option to purchase, it did not comply with the brokers' obligation in the listing contract. The contract with the prospective purchaser, it is true, is entitled, "receipt and option contract," and the prospective purchaser could make his deposit and later elect not to purchase, forfeiting the amount of the deposit. However, the complaint alleges that plaintiffs had produced a buyer ready, willing and able to perform. The terms of the contract do not conflict with the complaint and thus, plaintiffs should not be denied the opportunity to prove the allegations of the complaint.
Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.
COYTE and RULAND, JJ., concur.