564 P.2d 961 (1977)
In re the MARRIAGE OF Susan Lynn WEISBART, Appellee, and
Alan Weisbart, Appellant.
No. 76-431.
Colorado Court of Appeals, Div. I.
March 3, 1977.
Rehearing Denied March 24, 1977.
*963 Litvak & Karsh, Lawrence Litvak, Denver, for appellee.
Allen J. Kincaid, Brush, Dean J. Spader, Denver, for appellant.
COYTE, Judge.
Alan Weisbart appeals a district court judgment denying his motion to declare his child emancipated and to reduce support payments accordingly, finding him to be in contempt of court, and ordering him to pay attorneys' fees incurred by appellee in connection with the contempt proceedings. We affirm in part, reverse in part, and remand the cause.
Following dissolution of the parties' marriage and certain stipulations consequent thereto, appellant was to pay support in the amount of $200 per month for each of his minor children until such time as the children were emancipated. In November 1975, appellant moved for a declaration that the child Nathan Weisbart was emancipated. The trial court denied the motion and found appellant in contempt of court for failure to provide support as ordered.
Evidence adduced during the hearing on appellant's motion and appellee's contempt citation established the following uncontroverted facts relative to the question of emancipation. At the time of the hearing in April 1976, Nathan Weisbart was 19 years of age, was employed on a full-time basis by a local construction company, and had a gross monthly income of $480. With Mrs. Weisbart's consent, he resided in an apartment rented in his own name, which he shared with a female roommate. Nathan testified that he paid the rent and utilities on the apartment and shared expenses for food with his roommate. He also stated that Mrs. Weisbart was not giving him money for support.
The evidence further reveals that Mrs. Weisbart maintained medical insurance coverage for Nathan, that she made gifts of clothing to him, and that she furnished certain household items for his apartment. In addition, Mrs. Weisbart paid $47 for dental care which Nathan received. Both Nathan and Mrs. Weisbart stated that Nathan consulted with his mother regarding such personal decisions as his anticipated enrollment in college.

I
The question of emancipation is to be determined with reference to the specific facts of each case. Van Orman v. Van Orman, 30 Colo.App. 177, 492 P.2d 81 (1971). Generally, emancipation may be implied from the conduct of the parties and surrounding circumstances, particularly conduct which is inconsistent with the continuation of parental and filial legal rights and obligations. See 59 Am.Jur.2d Parent and Child § 95. Factors of significance in determining emancipation include the financial independence of the child, Ison v. Florida Sanitarium & Benevolent Ass'n, 302 So.2d 200 (Fla.App.1974), the child's establishing a residence away from the family domicile, especially with parental consent, Tencza v. Aetna Casualty & Surety Co., 111 Ariz. 226, 527 P.2d 97 (1974), and the creation of new relationships incompatible with the notion that the child occupies a subordinate position in his parent's family. Wood v. Wood, 135 Conn. 280, 63 A.2d 586 (1948). Emancipation may be sufficiently complete to terminate legal rights and obligations of the parents even though parental ties of a nonfinancial nature are not wholly severed. Gillikin v. Burbage, 263 N.C. 317, 139 S.E.2d 753 (1965); cf. Van Orman v. Van Orman, supra.
In view of the foregoing authority, we conclude that, as a matter of law, Nathan Weisbart was emancipated at the time of the hearing. While no single factor is dispositive of the matter, and the record does not establish the precise dates on which the various events occurred, the uncontroverted evidence adduced at the hearing reveals a domestic situation existing in *964 April 1976 which was radically inconsistent with continued subjection of the child to parental governance and discipline.

II
The trial court found that appellant's conduct constituted misbehavior offensive to the authority and dignity of the court and consequently imposed a fine of $100 against appellant in order to vindicate the dignity of the court, which sum was to be paid into the court registry. Contrary to appellant's assertions, the order thus was in conformance with the standards prescribed by C.R.C.P. 107(d) relative to the issuance of punitive contempt orders. See Marshall v. Marshall, 35 Colo.App. 442, 536 P.2d 845 (1975).
The evidence shows that appellant ceased to pay support upon the filing of his motion for reduction in November 1975, but the evidence does not reveal that Nathan was emancipated prior to trial. Accordingly, the arrearage accumulating from the date of filing of the motion to the time of the hearing was in consequence of a valid support order, and the question of Nathan's emancipation does not affect appellant's obligation with respect to the arrearage. See § 14-10-122(1), C.R.S.1973; Engleman v. Engleman, 145 Colo. 299, 358 P.2d 864 (1961). Cf. Berglund v. Berglund, 28 Colo. App. 382, 474 P.2d 800 (1970). Therefore, the trial court did not abuse its discretion in finding appellant guilty of contempt for failing to make these payments.

III
Appellant last contends that, as the trial court made no findings with regard to the financial condition of the respective parties, it erred in awarding appellee the attorneys' fees incurred in the contempt proceedings. We do not agree.
C.R.C.P. 107(d) provides for the payment of reasonable attorneys' fees to the person damaged by the contemner's behavior. Such awards are in adjunct of a finding that the contemner is guilty of contempt, Eatchel v. Lanphere, 170 Colo. 545, 463 P.2d 457 (1970), and are not conditioned upon the ability to pay. Thus, the trial court did not err in awarding reasonable attorneys' fees.
The judgment finding appellant guilty of contempt and awarding attorneys' fees to appellee is affirmed. The judgment declaring Nathan Weisbart not to be emancipated is reversed, and the cause remanded with directions to enter an order declaring Nathan Weisbart, emancipated as of April 8, 1976, and modifying appellant's support obligation in accordance therewith.
SMITH and VanCISE, JJ., concur.