585 P.2d 599 (1978)
Cecilia WILKINSON, Plaintiff-Appellant,
v.
Robert A. WILKINSON, Defendant-Appellee.
No. 78-427.
Colorado Court of Appeals, Div. III.
September 28, 1978.
*600 Bruce C. Bernstein, Chester R. Chapman, Denver, for plaintiff-appellant.
Mitchell Benedict, III, Donald E. McMichael, Denver, for defendant-appellee.
VanCISE, Judge.
This divorce action was commenced in October 1958, and the parties were divorced in May 1960. In the decree, the defendant husband was ordered to pay to the plaintiff wife $150 per month as "support for the minor children of the parties." This amount was later modified.
In July 1977, the husband filed a motion to terminate child support for the reasons that the older child, David, was over the age of 21, and the younger child, Karen, was emancipated by marriage. There was no dispute as to Karen, but the wife opposed the motion as to David based on her claim that he was retarded, was permanently and totally disabled, and never will be emancipated. The district court determined that it lacked jurisdiction to order the father to pay support for an adult child even if he were incapacitated. The order terminating support was entered on April 6, 1978, to become effective retroactively on May 30, 1977, the date of David's 21st birthday. The wife appeals; we reverse.
The statute in effect at the time this action was commenced and applicable here, see § 14-10-133, C.R.S.1973, is C.R.S. '53, 46-1-5 (as amended effective July 1, 1958), which provided in pertinent part that:
"(1)(a) At all times after the filing of a complaint, whether before or after the issuance of a divorce decree, the court may make such orders, if any, as the circumstances of the case may warrant for:
"(b) Custody of minor children;
"(c) Care and support of children dependent upon the parent or parents for support;. . ."
"(4) The court shall retain jurisdiction of the action for the purpose of such later revisions of its orders pertaining to subparagraphs (1)(b), (c). . . of this section as changing circumstances may require . . . ."
The trial court was persuaded that the word "children" as used in § (1)(b) of the statute meant children under the age of 21. We disagree.
Prior to the 1958 amendment to C.R.S. '53, 46-1-5, the statute read in pertinent part as follows:
"[W]hen a divorce has been granted the court may make such order and decree providing for the payment of alimony and maintenance of the wife and minor children or either of them as may be reasonable and just ...." (emphasis added)
By the 1958 amendment, the General Assembly empowered the court to order support not just for "minor children," but for "children dependent upon the parent or parents for support." Had it intended to restrict support awards to "minors," it could have done so by leaving in the previous language. The absence of the word "minor" is significant, and we will not read it back into the statute. See Estate of Bourquin, 84 Colo. 275, 269 P. 903 (1928); Karoly v. Industrial Commission, 65 Colo. 239, 176 P. 284 (1918). We therefore hold that in actions commenced under the 1958 divorce law, the court has the power to make such orders, if any, as the circumstances of the case warrant for the care and support of a child dependent upon his parent or parents for his support even after he has reached his majority.
In concluding that a divorce court lacked jurisdiction to order support for an adult *601 child, the trial court foreclosed the wife from presenting evidence as to the son's dependency, and needs, and thus the issues thereto must be resolved on remand.[1]See American Factor Associates, Ltd. v. Triangle Heating & Sheet Metal Co., 31 Colo. App. 240, 503 P.2d 163 (1972). On remand, the court should conduct an evidentiary hearing, determine whether the son is in fact dependent on one or both parents for his support and, if so, what amount would be proper for each parent to contribute therefor, and make the appropriate findings, conclusions and orders.
The order for support that was in effect prior to David's reaching majority will continue in effect until a new order is entered after the evidentiary hearing referred to above.
Judgment reversed and cause remanded for further proceedings consistent with this opinion.
PIERCE and RULAND, JJ., concur.
NOTES
[1] Although there was no specific motion for continuation or modification of the support order filed by the wife, the trial court, and counsel both at trial and on this appeal, have treated the trial briefs by her counsel and counsel for amicus curiae as in effect the same as such a motion by her.