601 P.2d 358 (1979)
In re the MARRIAGE OF Lavelle S. ROBINSON, Appellant, and
Roal S. Robinson, Appellee.
No. 79CA0064.
Colorado Court of Appeals, Div. I.
August 23, 1979.
Rehearing Denied September 20, 1979.
Certiorari Granted October 29, 1979.
*359 Gaunt, Dirrim & Coover, C. Vincent Phelps, Brighton, for appellant.
Marshall & Marshall, Donald W. Marshall, Jr., Brighton, for appellee.
COYTE, Judge.
On this appeal, we are presented with the question of whether the 19-year-old son of the parties was emancipated for child support purposes when he worked full-time during the summer prior to entering college. The trial court determined that he was temporarily emancipated and that therefore no child support obligation existed for the summer months. We reverse as to this issue.
In 1975, the parties entered into a separation agreement which was incorporated into their decree of dissolution. It provided that the husband's monthly child support obligation would:
"continue for each of the children until each child may reach the age of 21 years or complete his or her college education, whichever is later in time, unless such child shall sooner become emancipated, then and in that event, the support obligation shall cease upon emancipation."
The parties' son graduated from high school in 1977, and lived for several months with the husband in Virginia, and then with the wife in Colorado. In the spring of 1978, the son applied for college and found a well-paying full-time job in Wyoming. With the wife's consent, the son moved to Wyoming, where he paid all of his own expenses, except for some money borrowed from the wife. A few weeks after beginning work, he was notified that he had been accepted for college enrollment in the fall.
The only disputed portion of the child support obligation is for the summer; the husband has agreed to resume payments while the son is enrolled in college.
Whether or not a child should be considered emancipated is ordinarily a question that must be decided with reference to the facts of each case. Van Orman v. Van Orman, 30 Colo.App. 177, 492 P.2d 81 (1971). No single factor is dispositive in determining whether emancipation has occurred, In re the Marriage of Weisbert, 39 Colo.App. 115, 564 P.2d 961 (1977); rather, it must be determined whether there has been "a complete severance of the filial tie." Van Orman, supra.
However, where, as here, a child is employed during the summer in preparation for the educational year, despite the apparent independence of the child for a short period, the intended result is not the dissolution of parental ties contemplated by the term "emancipation." The custodial parent's financial responsibilities continue during the child's temporary absence. Furthermore, a cessation of child support while the child is employed during school vacations would discourage the child from seeking employment and would unnecessarily penalize the child.
A child is not emancipated under circumstances in which he is employed and living away from home on a strictly temporary *360 basis with the intention of returning to parental support.
We reject the wife's contention that the trial court erred in failing to award attorneys' fees. Here, no financial information was submitted by the parties, and no other compelling reasons were presented requiring an award of attorneys' fees; thus, we find no abuse of discretion by the trial court. See In re the Marriage of Corbin, Colo.App., 591 P.2d 1046 (1979).
The trial court's order is affirmed except insofar as it fails to enter judgment for child support arrearages for the months of May, June, July, and August 1978. The cause is remanded with directions to enter an order awarding child support for these months.
RULAND, J., concurs.
VAN CISE, J., concurs in part and dissents in part.
VAN CISE, Judge, concurring in part and dissenting in part:
I concur in the majority's affirmance of the trial court's refusal to award attorney fees to the wife. There was no evidence as to the financial status of either party and no showing that the wife was not capable of paying her own attorney fees.
I dissent from the majority's conclusion that the 19-year-old son was not emancipated during the four month period when he lived away from home with the permission and encouragement of his mother. During this time, he worked in Gillette, Wyoming, as a full time roughneck for a drilling company at $300 per week, paid all of his own living expenses out of his wages, and received nothing from either parent for his support. On these undisputed facts, I would find as a matter of law that the son was emancipated during this time and that the mother was not entitled to receive support payments from the father for that period. See In re Marriage of Weisbert, 39 Colo.App. 115, 564 P.2d 961 (1977). See also Brown v. Brown, 183 Colo. 356, 516 P.2d 1129 (1974).
The father's duty of support ceased by statute § 14-10-122(3), C.R.S. 1973, and by the written agreement, upon emancipation. Therefore, he had no support obligation for this four month period. Since emancipation is not necessarily a continuing status, and the support obligation can be revived, In re Marriage of Fetters, Colo.App., 584 P.2d 104 (1978), the trial court correctly reinstated the father's obligation to pay support when the son returned in September and became a full-time student living with and dependent on his parents.
I would affirm the trial court.