In re MARRIAGE OF Ernest J. KOLTAY, Appellee,

and

Doris V. Koltay, Appellant.

No. 81CA0512.

Colorado Court of Appeals, Div. II.

Jan. 14, 1982.

Rehearing Denied Feb. 4, 1982.

Certiorari Granted June 14, 1982.

Maurice R. Franks, Pueblo, for appellee.

Brian J. Berardini, Denver, Steven E. Shinn, Yuma, for appellant.

VAN CISE, Judge.

This dissolution of marriage action was commenced in January 1974, and the marriage was dissolved in June 1974. In the decree, the husband was required "until further order of court" to pay $150 per month to the wife for the support of "the minor child of the parties, Karla Koltay," and to maintain his present health and accident insurance covering Karla. Karla became 21 in February 1979, and the husband discontinued paying child support on that date.

In September 1980, the wife filed verified motions for continued payment of child support and for payment of insurance. She alleged: (1) that, since the date of the decree, Karla "has been hospitalized numerous times and has required the services of many medical doctors"; (2) that, although she has attained the age of 21, "because of her physical and emotional condition she is still dependent upon her mother for support"; (3) that Karla's "emotional and medical condition" does "not allow her to be employed" and she is "unable to provide for her own support"; and (4) that her "physical and emotional condition" causes her to be "totally disabled and incapacitated, and therefore unemancipated." She further alleged that the husband had stopped remitting to her, or to the medical supplier, the checks issued by his health insurance carrier to pay Karla's medical bills.

The husband moved to dismiss the wife's motions on the grounds that, on Karla's 21st birthday, his legal obligation to support terminated as a matter of law, and that the court was without jurisdiction to order child support after she became 21, no motion to perpetuate child support having been filed prior to that date. On these grounds, and without an evidentiary hearing on the merits of the wife's motions, the court granted the husband's motion to dismiss. The wife appeals. We reverse.

In considering the husband's motion to dismiss based upon the pleadings, we must assume that the factual allegations contained in the wife's motions are true. *Strout Realty, Inc. v. Snead*, 35 Colo.App. 204, 530 P.2d 969 (1975). Therefore, we assume that the child is incapacitated and incapable of providing for her own support.

The issue on this appeal is whether, under the circumstances of this dissolution action, the court has the power to provide for the continued support of this incapacitated adult child of the parties after she attained majority, or whether the trial court was correct in ruling that such provision automatically terminated and that it lost any jurisdiction over the subject of child support when the child reached age 21.

Under ordinary circumstances, a child is considered to be emancipated at 21, if not earlier; and, with emancipation, the parents' duty of support terminates. *See In re Marriage of Weaver*, 39 Colo.App. 523, 571 P.2d 307 (1977); *Van Orman v. Van Orman*, 30 Colo.App. 177, 492 P.2d 81 (1971). However, "[t]he question of emancipation is to be determined with reference to the specific facts of each case." *In re Marriage of Weisbart*, 39 Colo.App. 115, 564 P.2d 961 (1977). "The fact that a child has attained its majority does not, *ipso facto*, work the emancipation of the child." *Union Pacific Ry. Co. v. Jones*, 21 Colo. 340, 40 P. 891 (1895).

Prior to the 1958 amendment to C.R.S. 1953, 46–1–5, the divorce statute empowered the court in divorce actions to order support only for "minor children." In 1958, that statute was amended to authorize the court to provide for the support of "children dependent upon the parent or parents for support." And, in *Wilkinson v. Wilkinson*, 41 Colo.App. 364, 585 P.2d 599 (1978), we held that the word "minor" would not be

read back into the statute. We further held that "in actions commenced under the 1958 divorce law, the court has the power to make such orders, if any, as the circumstances of the case warrant for the care and support of a child dependent upon his parent or parents even after he has reached his majority." *Wilkinson, supra.*

In 1971, the General Assembly enacted the Uniform Dissolution of Marriage Act, § 14–10–101 et seq., C.R.S.1973 (the Act), in place of the former divorce statute. In its provisions for child support, the Act specifically did not limit support to "minor children." Section 14–10–115(1), C.R.S.1973, specifies that "[i]n a proceeding for dissolution of marriage . . . the court may order either or both parents owing a duty of support to a *child of the marriage* to pay an amount reasonable or necessary for his support . . . ." (emphasis supplied). Further, § 14–10–122(3), C.R.S.1973, provides that *"[u]nless otherwise agreed in writing or expressly provided in the decree,* provisions for the support of a child are terminated by emancipation of the child . . . ." (emphasis supplied). Also, pursuant to § 14–10–116, C.R.S.1973, the court is authorized to "appoint an attorney to represent the interests of a *minor or dependent child* with respect to his custody, support, and visitation." (emphasis supplied).

█ We therefore hold that the Act gives the court jurisdiction to enter a decree for support of a dependent child of the marriage after attainment of majority. And where, as here, the adult child, subject to proof of her alleged incapacity, is still dependent on her parents, then the child is not emancipated under the Act and the duty of support continues. *Wilkinson, supra.*

█ Accordingly, the provision in the decree for the child's support, "until further order of court," did not terminate when she reached age 21, *see Wilkinson, supra,* § 14–10–122(3), C.R.S.1973, and the court retains jurisdiction to order either or both parents to provide for her support. Section 14–10–115(1), C.R.S.1973. So long as the child's dependency continues, the parents have a continuing duty of support.

The order is reversed, and the cause is remanded for further proceedings consistent with this opinion.

KELLY, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

The Uniform Dissolution of Marriage Act, § 14–10–101 et seq., C.R.S.1973, provides that provisions for child support in a dissolution decree terminate upon emancipation of the child "unless otherwise agreed in writing or expressly provided in the decree." Section 14–10–122(3), C.R.S.1973. There is no express agreement between these parties, nor expressed provision in the decree for continuation of child support beyond emancipation. Thus, the issue here is whether the adult child is emancipated. If she is emancipated, then the provisions for child support in the dissolution decree are terminated.

Except where otherwise provided by statute, emancipation occurs as a matter of law when a person reaches the age of majority. *Van Orman v. Van Orman,* 30 Colo.App. 177, 492 P.2d 81 (1971). By statutory definition, minority ends when a person reaches the age of 21. Section 2–4–401(6), C.R.S. 1973 (1980 Repl.Vol.1B).

The early case of *Union Pacific Ry. Co. v. Jones,* 21 Colo. 340, 40 P. 891 (1895), cited by the majority, is not relevant here because it was decided at a time when the "county poor laws" imposed a duty for support of paupers, regardless of age, upon children for their parents, on parents for their children, on brothers, sisters and grandparents. *See* § 30–17–107, C.R.S.1973 (now repealed Colo.Sess.Laws 1975, ch. 270 at 994). The present policy of Colorado on parental liability for children is contained in § 27–12–103, C.R.S.1973, which states that liability of a parent for the costs of a child's care in a public institution for the mentally ill or mentally deficient ends upon the child reaching age 21.

The majority's reliance on *In re Marriage of Weisbart*, 39 Colo.App. 115, 564 P.2d 961 (1977) is also misplaced. The rule in *Weisbart*—that emancipation turns on the specific facts of each case—is only relevant in determining whether a child has in fact been emancipated prior to reaching majority.

In *Gimlett v. Gimlett*, 95 Wash.2d 699, 629 P.2d 450 (1981) when construing a statute identical in relevant respects to § 14–10–122(3), C.R.S.1973, the Supreme Court of Washington held, as do the majority of jurisdictions, that emancipation occurs as a matter of law upon reaching the age of majority and that the duty of support in a dissolution decree terminates at that time. The court stated:

"There is good logic for a legislative requirement that support after the age of majority must be expressly provided in the decree. The support-paying parent is given advance notice of the termination date or event, rather than being forced to wait for some elusive or fortuitous date of the dependency cessation. The court order, in granting continued payments after majority, can specify the conditions for their termination in light of the circumstances of the parties. If this is not done, however, support will terminate . . . ."

Further, the court refers to *Webster's Third International Dictionary* (1971) at 738 definition of emancipate and equates it with "the person becoming *sui juris*."

Since the question is not before us, I do not address the issue of whether an adult child, one who has reached majority and is *sui juris*, may bring an action against his parents if unable to support himself.

However, the trial court in a dissolution of marriage action is without continuing jurisdiction to order support when a motion therefor is filed after a child reaches majority.

I would therefore affirm.