**Marilyn Lesley NAPOLITANO, Obligee-Petitioner-Appellant,**

v.

**Richard Severino NAPOLITANO, Obligor-Respondent-Appellee.**

No. 85CA0218.

Colorado Court of Appeals, Div. III.

Dec. 18, 1986.

Barney Iuppa, Dist. Atty., Gerald A. Kimble, Jr., Deputy Dist. Atty., Colorado Springs, for obligee-petitioner-appellant.

246

No appearance by obligor-respondent-appellee.

METZGER, Judge.

In this action pursuant to the Uniform Reciprocal Enforcement of Support Act, § 14–5–101, et seq., C.R.S. (URESA), petitioner, Marilyn Lesley Napolitano, appeals the trial court's child support orders. We reverse and remand for further proceedings.

Petitioner and respondent, Richard Severino Napolitano, were divorced in England in 1978. Respondent was ordered to pay child support in the weekly amount of 24 British pounds sterling for the support of each of the parties' minor children "whilst under the age of 17 years," the age of emancipation in England. Respondent later moved to Colorado but petitioner and the children remained in England.

In 1981, at petitioner's request, the District Attorney filed a petition for child support pursuant to URESA and other applicable laws. After a hearing, the court ordered the respondent to pay $200 per month current support for all three children until they reached majority or became emancipated, plus accrued arrearages.

In 1984, respondent filed a motion seeking to terminate child support, alleging that two of the three children were over 17 years of age and, thus, emancipated under English law. The trial court granted that motion and also ordered that respondent pay $100 per month support for the remaining child, until that child reached age 17, at which time support would terminate.

In its order concerning the two older children, the court's reasoning was in the alternative. First, it concluded that, since the two older children were emancipated under English law at age 17, equity dictated that the Colorado court should also consider them to be emancipated as a matter of law. Additionally, the trial court concluded that these children were emancipated because they were no longer attending school.

I.

Petitioner contends that the trial court erred when it concluded that the age of emancipation in England dictated a determination that child support should terminate at that same age in Colorado. We agree.

Section 14–5–108, C.R.S., provides that the duty of support under URESA shall be that duty imposed under the laws of any state where the obligor was present for the period during which support is sought. In *McDonald v. McDonald*, 634 P.2d 1031 (Colo.App.1981), we held that a trial court must apply Colorado law to determine a child's eligibility for child support if the payor has been present in Colorado during the period for which support is sought, regardless of the provisions of law in the state where the support order was entered.

The evidence is undisputed that respondent resided in Colorado during the time in question here. We see no distinction between the application of § 14–5–108, C.R.S., to situations concerning interstate support orders, as was the case in *McDonald v. McDonald, supra,* and those concerning inter-nation support orders. Consequently, we hold that the trial court erred in concluding that it should apply the law of England in determining the age of legal emancipation of the children. Since, in Colorado, the age of majority for purposes of child support is 21, see *Koltay v. Koltay,* 667 P.2d 1374 (Colo.1983); see also *Van Orman v. Van Orman,* 30 Colo.App. 177, 492 P.2d 81 (1971), the court erred in finding the children emancipated by virtue of their age alone.

II.

Petitioner also contends that the evidence fails to support the trial court's determination that the two older children were emancipated. Again, we agree.

What constitutes emancipation is a question of law, and the burden of proving emancipation is on the one asserting it. *In re Marriage of Robinson,* 629 P.2d 1069 (Colo.1981). In determining whether eman-

cipation has been established, the court must consider all the facts and circumstances of the case, particularly conduct which is inconsistent with the continuation of parental and filial legal rights and obligations. *In re Marriage of Weisbart*, 39 Colo.App. 115, 564 P.2d 961 (1977). Factors of significance in determining emancipation include the financial independence of the child and the child's establishing a residence away from the family domicile. *In re Marriage of Weisbart, supra.*

The record here shows that respondent testified that the latest information he had was six months old. He testified that, as of that time, his son was an apprentice carpenter and his daughter was a nurse in an "old ladies' home." There is no evidence as to the amount of salary, if any, that either child received, or whether their duties were full-time or part-time. Both children were still residing in the family home, and the record discloses nothing which would support a finding that these children were receiving wages of any kind. Indeed, petitioner stated in her affidavit that "when my children finish their education and training they will assist in the support of the home."

Consequently, because its determination was unsupported by the record, we conclude that the trial court erred when it found that the two older children were emancipated.

The order is reversed and the cause is remanded to the trial court for entry of an order denying respondent's motion to terminate child support, and reinstating the 1981 support order effective as of the date of the order of termination.

VAN CISE and BABCOCK, JJ., concur.