Perkins, Appellant, v. Westcoat, Appellee.

1.  Contracts of Infants.
Executory contracts of infants are voidable and not binding upon them,
    unless ratified after they reach majority.   To this rule there are
    exceptions, among which are contracts for necessaries under cer-
    tain circumstances.

2. SAME.

Where an infant lives with his parents by whom he is supplied with necessaries, he can make no binding contract.

3. SAME.

Where an infant resides with his parents and they supply him with necessaries, not only is there no implied agreement on his part to pay for his support, but if one were expressly made he would not be bound by it.

4. PARENT AND CHILD.

The law imposes upon parents an obligation to support their children, and no indebtedness is created by the fact of such support.

5. SAME.

When a child continues to live with his parents after he has become of age, to entitle him to compensation for his services, or them to compensation for his maintenance, there must be an express contract for that purpose. The law implies none.

6. SAME.

Where the child is the owner of an estate, the father, if unable to furnish proper support, or the widowed mother, without reference to her ability, may in a proper proceeding have it applied to the maintenance of the child; but this proceeding must be in the court having jurisdiction of the estate.

7. SAME.

Upon the marriage of an infant daughter the obligation of her parents for her maintenance, and her obligation to render service, ceases ; but, in the absence of an express promise, she is not liable to her parents to pay for maintenance furnished after marriage.

8. EVIDENCE.

Statements by a married daughter made to third persons that she intended, or expected to, or would pay her mother for taking care of her, are not evidence of a promise so to do.

*Appeal from the District Court of Arapahoe County.*

Messrs. MORRISON & FILLIUS, and Mr. THOMAS MITCHELL, for appellant.

Mr. W. J. EDWARDS, for appellee.

THOMSON, J., delivered the opinion of the court.

This is an action at law brought by Mary A. Westcoat to recover from Daniel E. Perkins, administrator of the estate

of Ella E. Perkins, deceased, the value of food, lodging, clothing etc., furnished by the plaintiff to Ella E. Perkins, between the 19th day of June, 1876, and the 13th day of May, 1890, less Ella's share of the income of an estate left by her father, which was collected by the plaintiff and credited to Ella.

There seems to have been no dispute as to the material facts of the case, which are these : Ella E. Perkins was the daughter of the plaintiff. The husband of plaintiff and father of Ella, E. C. Westcoat, died intestate in April, 1875, leaving as his sole heirs at law Ella E. Westcoat, W. E. Westcoat, a son, and the plaintiff. He died seized of real estate valued at $2,060, and possessed of some personal property, which was all consumed in payment of the debts of the estate, and the expenses of administration. The real estate was left intact. At the death of E. C. Westcoat, his daughter Ella was ten years old. In 1880, when she was about fifteen years of age, she was married to the defendant, Daniel E. Perkins. The fruit of this marriage was a daughter, born in 1881.

From the death of her father, Ella lived with her mother, the plaintiff, until her marriage in 1880, when her husband was added to the family, both lived with the plaintiff until sometime in the year 1881, when the husband went to Middle Park, where he has since lived. Ella, and her daughter, after her birth, lived with the plaintiff until May, 31, 1890, when Ella joined her husband with her child. She died in July, 1890, and her husband, the defendant, was appointed administrator of her estate. The defendant contributed nothing to the support of his wife or child during the whole time that they lived with the plaintiff. The plaintiff furnished maintenance to her daughter Ella, and to the child after its birth, from the time of the death of E. C. Westcoat to the time when Ella joined her husband in Middle Park. Judgment was given for the plaintiff, from which the defendant appeals to this court.

The court in which the cause was tried seems to have pro-

ceeded upon the theory that because Ella E. Westcoat had inherited and was the owner of an estate, the fact of her support and maintenance by her mother, created a personal liability against her, or implied a promise on her part to pay the reasonable value of such support and maintenance. This is the theory upon which the several instructions given, and which we shall notice hereafter, are based, and upon its soundness or unsoundness depends the disposition to be made of the case here.

Although the complaint does not distinguish between the period before, and that after, the daughter's marriage, but treats the whole as one entire and continuing transaction, yet we conceive that such a distinction exists, and in endeavoring to ascertain the law applicable to the case we shall give each a separate consideration.

From her father's death to her marriage, Ella was an infant, living with her mother. The general doctrine is that the executory contracts of infants are voidable, and not binding upon them unless ratified after they reach their majority. But there are some exceptions, among which are contracts for necessaries under certain circumstances, and which, when so made, are neither void nor voidable, but are obligatory, and cannot be disaffirmed. While an infant lives under the roof of his parents by whom he is supplied with such necessaries, he can make no contract which will be binding upon him. It is when he is absent from home, not under the care of a parent or legal protector, that he will be held to his contracts, express or implied, for necessaries, and this because if such contracts were subject to the general rule, and he were therefore deprived of credit, he might be unable to obtain food or clothing, though possessing the means by which he could, after a short time, pay for them. This exception is for the benefit of the infant himself.

But where the infant resides with the parent, and the parent supplies him with necessaries, not only is there no implied agreement on the part of the infant to pay for his support, but if one were expressly made we do not think he

would be bound by it. Such an agreement does not fall within any exception governing the contracts of infants. The law imposes an obligation upon parents to support their children, and no indebtedness is created by the fact of such support. Even if children continue to live with their parents after they become of age, and competent to bind themselves by their engagements, still, to entitle the children to compensation for their services, or the parents to compensation for their maintenance, there must be an express contract for that purpose. The law implies none. Schouler's Domestic Relations, 372.

Where the child is the owner of an estate, the father, if unable to furnish proper support, or the widowed mother without reference to her ability, may in a proper proceeding in equity have it applied to the maintenance of the child, not on the ground of any liability to pay on the part of the child, but upon equitable principles, because in such case it is right that the estate should bear, or at least share the burden of the support. 1 Tamlyn, 22; *Newport v. Cook*, 2 Ashmead, 332; *Harring v. Coles*, 2 Bradf. 349; *Matter of Burke*, 4 Sanf. Ch. 619; *Halley v. Bannister*, 4 Mad. 275.

But this proceeding must be in the court having jurisdiction of the estate, and during the time it has such jurisdiction.

In this case, after the death of the plaintiff's husband, her deceased daughter, Ella, lived with her mother, who provided for her in the way parents ordinarily provide for their children. Their relation was simply that of parent and child, and the relation of creditor and debtor did not and could not exist between them. It is claimed that a promise was made by the daughter subsequent to her marriage, to pay her mother for her support. We shall notice the evidence on this hereafter, but even if such were the case, it would not have been a promise to pay a debt which she owed, because she owed none. It would have been a promise without consideration, and therefore invalid.

· Upon the marriage of Ella with the defendant, the relations which she had sustained to her mother were entirely

changed.   The obligation of her mother for her maintenance, and her obligation to render service to her mother, ceased. Her husband then became liable for her support, and that of her child when it was born.   She became emancipated, and under our law could perhaps make contracts, incur obligations, and sue and be sued, in the same manner and with the same effect as if she was of age and sole; so that if upon her marriage, in consideration of her mother's agreement to provide her with food, clothing and lodging, she had promised to pay for these things, and her mother had made such provision in consideration of the promise, it might be that such promise would have been valid and obligatory, and could be enforced against her if alive, or if dead against her legal representatives.   But the promise must have been express.   The only promise which could be implied was that of her husband. The money to which the plaintiff became entitled by reason of the support which she furnished to Ella and her child was, in the absence of an express agreement, due from the husband and not from the wife.

As we have observed, there is a claim that a promise was made by Ella, some years after she was married, that she would pay her mother for her own maintenance and that of her child for the whole time they lived together before and after her marriage.   The only evidence upon this subject is certain conversations she had with different third persons, in which she stated to them that she intended, or expected to, or would, pay her mother for taking care of herself and child. Such statements import no promise, nor are they evidence of any.   *Lynn v. Lynn*, 29 Pa. St. 369.   But if an actual promise had been made, it would, as to the period before marriage, have been void for want of consideration, and as to the period after marriage, it would have been a promise to pay the debt of another, and not valid unless in writing. But there is no evidence of such promise.

As to what constitutes a mutual and open account current, or as to the effect of the statute of limitations, it is unneces-

sary to express an opinion. No such questions are in the case.

The trial court gave the jury several instructions, the effect of which is, that if Ella E. Perkins had sufficient property for her maintenance and support prior to her marriage in 1880, then the plaintiff was not liable for her support during that period, and was entitled to recover what the same was reasonably worth; and that after her marriage, the liability of plaintiff to support her having ceased, in the absence of any agreement that her support and that of her child should be gratuitous, the plaintiff was entitled to recover what such maintenance was reasonably worth.

There is nothing in the record to warrant these instructions, and there was no evidence which authorized the submission of the case to the jury.

The judgment below must be reversed.

*Reversed.*