No. 17,261.

GRANATO *v.* GRANATO.

(277 P. [2d] 236)

Decided December 6, 1954.

Mr. JOHN F. MUELLER, Mr. WILLIAM P. HORAN, for plaintiff in error.

Mr. SOL COHEN, Mr. ARTHUR EVERETT SMALL, JR., for defendant in error.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the Court.

THIS cause is brought to our Court by writ of error to review a decree of the district court of the City and County of Denver for the partition of the real and personal property involved in a divorce case. In the trial court plaintiff in error was plaintiff and defendant in error was defendant. They will be so designated in this opinion.

Plaintiff filed his suit for divorce and a division of property; defendant filed her cross complaint for divorce and a division of property. Plaintiff withdrew his complaint, and defendant proceeded under her cross complaint. By stipulation filed April 12, 1952, the parties provided for the divided custody and temporary support of a minor child, eight years old, and left the disposition of the joint properties of the parties to a determination by the trial court. The trial was to the court, and June 16, 1952 an interlocutory decree of divorce was awarded apparently to defendant. The divorce decree is not here an issue. On plaintiff's petition for division of property, a decree was entered July 31, 1953 awarding the jointly owned real estate equity, valued at $10,000.00, and personal property valued at something over $500.00, to defendant in lieu of her rights for alimony. A motion for a new trial was dispensed with.

The question of support of the minor child was not determined by the trial court; it was continued for a later hearing; so it is not here involved.

The only matter involved in this review is the decree awarding all the property to defendant. Plaintiff seeks to reverse this property decree on two grounds: 1. The trial court abused its discretion in awarding to defendant the entire interest in the real estate and personal property. 2. (a) The court lacked jurisdiction to render a decree affecting real property and the rights of a holder of a note and deed of trust on said property,

where said holder was not a party to the action. (b) That such holder is an indispensable party where the decree for the division of property purports to vary the terms of the note and deed of trust.

A house was built and the mortgage debt thereon reduced through the joint efforts of both parties. The defendant testified that both parties worked, the defendant "up to 1943 a little before the child was born," and in 1950 she started work again. "What money he made working was paid on the house, and what I made was spent for food and clothing, and what came from the (apartment) rent was expenses of the house." This testimony was not materially disputed. The real estate title stood in the names of the parties in joint tenancy.

Defendant testified that she needed the house and furniture as a home for herself and the minor child; that she desired the house subject to the remaining mortgage debt, $8,607.05, in lieu of alimony, and would assume payment of the debt. Plaintiff desired that the real and personal property be sold and the proceeds divided, one-half for the defendant and the other half "in a trust fund for my boy."

The house contains a basement apartment, now rented for $75.00 per month. Both parties are employed, the husband earning $134.00 per half month and the wife $80.00 per half month. Plaintiff owns a 1938 Chevrolet sedan valued at $75.00 and a bank account of $50.00.

◾ The division of property in a divorce action is a matter within the sound discretion of the trial court, and its judgment will not be disturbed on review unless it is shown that the division made was an abuse of discretion *Urling v. Urling,* 107 Colo. 186, 189, 109 P. [2d] 1060, and such an abuse must be clearly shown.

◾ Every property division action depends on the particular facts of each case. In the instant proceeding, the fact that the real estate was held in joint tenancy, the modest property equities involved, the substantial direct and indirect contributions made by both parties

to the equities acquired, the present earnings of both parties, the expressed desires of both parties concerning the minor child's welfare, the release of plaintiff from alimony and defendant's added responsibilities for the custody and care of the child, considering these and other elements involved, we do not find any abuse of discretion by the trial court. The cases cited by plaintiff are on such divergent factual situations and circumstances from the instant case, as not to be here pertinent.

In the original deed of trust and note there was a provision for payments of $125.00 per month. The holder of the deed of trust, an uncle of defendant, in open court volunteered to reduce the monthly payments on the mortgage balance to $75.00 per month to be made by defendant alone, releasing plaintiff from liability. The trial court decreed the equity of plaintiff in the real and personal property to the defendant, in lieu of alimony; then conditioned the decree upon the action of the holder of the first deed of trust in releasing same and accepting in lieu a new note and deed of trust executed by defendant alone covering the balance owing, including accrued interest, and providing payments of not more than $75.00 per month. There is nothing in the record proper to indicate whether or not there has been a compliance with that condition of the decree.

The decree could only relate to the property division involved, and in that connection only a waiver of or non-allowance of alimony could be considered; however, the court further entered a condition to the decree involving parties not of record. The added condition is without legal effect in the present case, but this did not invalidate the whole decree; the condition neither added to nor detracted from the plaintiff's duty toward defendant. Without the condition, the decree was effective to determine the property division. Whether the condition is carried out is for determination by the parties involved, and neither the court nor the plaintiff have any interest therein. If the condition is performed, the plain-

tiff benefits therefrom; if not performed, he has not been injured. In either event, his protest is without effect. The court had jurisdiction to decree the property division.