## No. 19,480.

ROY L. PIPPINGER *v.* NELL R. PIPPINGER.

(357 P. [2d] 911)

Decided December 23, 1960.

Mr. NATHAN LEE BAUM, for plaintiff in error.

Messrs. ROEPNACK, McCURDY, ORAHOOD AND MALOY, for defendant in error.

*In Department.*

PER CURIAM.

THE parties are referred to as they appeared in the trial court: plaintiff in error as defendant and defendant in error as plaintiff.

Defendant contends that the trial court abused its discretion in its orders awarding a division of property to plaintiff and support payments for the minor child by which he claims to have been pauperized. By writ of error the defendant seeks to reverse the judgment.

Plaintiff and defendant were married October 16, 1939; they were divorced October 30, 1958. Since 1942 the defendant has been a railroad company employee in Denver. His present annual gross income is approximately $6,100.00 with concomitant disability and eligibility retirement benefits. He is now fifty years of age and it will be fifteen years before he is eligible for retirement, unless disabled. The plaintiff is unskilled and not trained for any specific type of employment; until after the separation she worked outside the home only a few weeks. Since the separation she has been employed as a clerk-typist at a gross salary of $237.00 per month.

In 1942 the parties purchased a home at a cost of $3,295.00, which was adequately furnished at the time of the divorce. The dwelling and furnishings were paid for from defendant's earnings, except approximately $500.00 contributed by plaintiff and relatives. Defendant estimates the dwelling to have a present value of $10,000.00 to $11,000.00, but there were no other estimates of value. Other family assets were a 1947 model automobile, of little value, and two small insurance policies on the life of the defendant, the beneficiaries of which had been changed to the defendant's mother and his present wife. He remarried November 1, 1958.

A son, born June 13, 1941, suffers from a mild type of epilepsy which has never been completely controlled, and which requires continual medication. He has regularly attended school and his grades are above average. This disorder has not seriously interfered with the son's school work, but in his adult years will limit his occupational opportunities. A college education will better qualify him to make a livelihood within such limitations. On September 29, 1959, the son had been accepted for college enrollment in Regis College, Denver, Colorado. By this arrangement, he can live at home with his mother and attend classes as a daytime student. The minimum cost for tuition fees and books at the college will be $750.00 per year.

The trial court held a final hearing on the question of property settlement, child support, and related matters on September 29, 1959, and later entered its findings and judgment as of that day. The judgment required the defendant to pay plaintiff $115.00 per month for the support of the minor son, and to pay $500.00 per year to plaintiff as a contribution to the son's college education during his minority. In lieu of permanent alimony plaintiff was awarded the home and its contents and the 1947 model automobile. Defendant was required to pay plaintiff's attorney a fee of $300.00.

Under our decisions questions of child support and property division rest in the sound discretion of the trial court, and its judgments and orders in such matters will not be disturbed on review in the absence of a clear showing of abuse of discretion. *Shapiro v. Shapiro,* 115 Colo. 498, 175 P. (2d) 386; *Nunemacher v. Nunemacher,* 132 Colo. 300, 287 P. (2d) 663; *Granato v. Granato,* 130 Colo. 439, 277 P. (2d) 236.

The evidence here justified the judgment entered, and there being no abuse of discretion shown, the judgment is affirmed.

MR. JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE DOYLE concur.