Mr. Justice Day
delivered the opinion of the Court.
Plaintiff in error has challenged the correctness of the trial court’s order reducing child support payments below the amount ordered in the original decree of divorce. Defendant in error has not appeared and has filed no answer brief.
The order modifying the divorce decree finds no support either in the findings of the court or in the evidence. Actually the court did not find a change in circumstances warranting a reduction in child support payments. As a substitute for such a necessary finding of fact, there was merely a court comment made to the effect that the defendant in error was a poor manager; that he had not properly allotted the approximately $500.00 a month he was earning toward the discharge of his obligations. The evidence adduced on the question of change showed that the defendant in error had improved his financial situation in the years since the decree. At the time of the final decree of the court he was in farming, and since then had held salaried jobs. He had experienced some periods of unemployment, but at the time of the hearing he was gainfully employed with more income than when he was farming.
The basis of the court’s order was that because *351 the defendant in error had failed to comply with the order for child support payments and had allowed an arrearage of more than $2400.00 to accumulate, plaintiff in error would be better off, in the long run, if the payments were reduced to a figure that defendant in error might “keep up,” rather than to continue the order for child support payments at a figure which he had shown no inclination to meet. There is an old proverb that “half a loaf is better than none,” but such an observation in effect made by the court cannot form any legal basis for a change in a child support order.
That the trial court has no power to modify previous orders in the absence of proof and a finding of change of circumstances is such a fundamental rule of the domestic relations case law of this state that citation of authorities would be deemed superfluous.
The judgment is reversed and the cause remanded to the trial court to vacate the order of modification and to reinstate the original support order.
Mr. Justice Moore not participating.