492 P.2d 81 (1971)
Helen VAN ORMAN, Plaintiff-Appellee,
v.
William T. VAN ORMAN, Defendant-Appellant.
No. 70-444.
Colorado Court of Appeals, Div. II.
November 2, 1971.
Rehearing Denied November 23, 1971.
Certiorari Denied January 24, 1972.
*83 Sheldon, Bayer, McLean & Glasman, Raymond G. Carey, Jr., James T. Bayer, Denver, for plaintiff-appellee.
Victoria F. Gross, Denver, for defendant-appellant.
Selected for Official Publication.
DUFFORD, Judge.
This appeal is brought by a divorced husband to challenge an ancillary order of the divorce court increasing his child support obligations. The order in question commanded the husband to pay the sum of $1,100 to his divorced wife or to his son Barry for the purpose of defraying Barry's college expenses, and to pay "additional sums from time to time as required for the education of Barry Van Orman."
At the time of the hearing from which the above order issued, it was established that the son, Barry, was approximately 20 years of age; that he had a history of part-time earning capacity; and that he was a National Merit Scholar who had enrolled in Johns Hopkins University for the purpose of beginning a course of study which he hoped to pursue to the ultimate end of obtaining a degree as a medical doctor.
The husband challenges the order which is under review on the grounds (1) that he has no duty to support a child who is capable of self-support; (2) that a child of age 18 or more is automatically emancipated by virtue of the effect of the Federal Voting Rights Act of 1970, which lowered the voting age to age 18; and (3) that the trial court abused its discretion by ordering him to pay Barry's college expenses.
Conversely, the wife asserts that the order of the trial court must be sustained because the child, Barry, was dependent and not emancipated. She further argues that a college education is a "necessary" in the context of our present society, the cost of which may be properly assessed to a divorced father, and which he has an unqualified duty to pay.

I.
Primarily, we reject the husband's argument that he was without a duty to support Barry for the reason that Barry was an emancipated child who was no longer dependent upon his father for support. Under the provisions of C.R.S. 1963, 46-1-5(1) (a) and (c), our divorce courts are charged with the duty and vested with the right to enter orders providing for the care and support of children who are dependent upon their parent or parents for support. It is clear from the record before us that whether Barry was or was not dependent upon support contributions from his father was a contested issue of fact which was resolved against the father. The trial court's resolution of this question in that manner is well supported by the evidence produced at hearing and will not be disturbed by us upon appellate review. Pippinger v. Pippinger, 145 Colo. 140, 357 P.2d 911.

II.
We do not agree with the husband's contention that the enactment of the Voting Rights Act of 1970, 42 U.S.C. § 1973bb, lowering the federal voting age to 18 years, emancipated Barry, as a matter of law, and that, therefore, questions of Barry's dependency and emancipation were rendered moot in this case. In Colorado, by statutory definition, a person retains the status of minority until the age of 21 years. C.R.S. 1963, 135-1-2(14). We consider that statutory definition to be controlling as to the age at which emancipation occurs as a matter of law except where otherwise provided by statute. In the absence of emancipation occurring upon attainment of majority, the question of whether a child is emancipated is essentially one of fact determinable by the trier of fact. Union Pacific Railway Co. v. *84 Jones, 21 Colo. 340, 40 P. 891. Resolution of that question is concerned more with the extinguishment of parental rights and duties than with the removal of the disabilities of infancy. 39 Am.Jur. Parent and Child § 64. It occurs only when there is a complete severance of the filial tie, 39 Am.Jur. Parent and Child § 64; and we rule here that the child's possession or lack of possession of the right to vote has little or no bearing on the determination as to whether such tie has or has not been severed.
In view of these principles, we hold that it was proper for the trial court to hear and to determine the over-all question of Barry's emancipation and dependency. As we have stated, its determination of that question against the husband's position was supported by the evidence, and we will not disturb its ruling on appellate review. Pippinger v. Pippinger, supra.

III.
Lastly, we depart from both of the positions which the husband and wife urge with respect to the husband's obligations to pay for Barry's college expenses. Specifically, we do not agree with the wife's contention that, even in the absence of a statutory or contractual duty to do so, a divorced husband has an unqualified obligation and duty to pay for the college expenses of his minor child on the theory that such an education constitutes a necessity as measured within the context of our present society. Concededly, this may be the law in some jurisdictions, either as the result of statutory enactment or judicial decision. See, for example, Gerk v. Gerk, 259 Iowa 293, 144 N.W.2d 104; and Calogeras v. Calogeras, 163 N.E.2d 713 (Ohio Juv.Ct.). However, our legislature has not compelled such a result by statute, and our Supreme Court has not prescribed that this is the nature of the parent's duty within this jurisdiction. Additionally, we specifically reject the husband's contention that a divorced husband cannot under any circumstances be compelled to contribute to the cost of a college education for his minor child in connection with his general obligation to support such child. In this connection, we note that even those jurisdictions which previously adherred to such viewpoint are departing from that rule. See Dorman v. Dorman, 251 Ind. 272, 241 N.E.2d 50.
We find the law on this question within this jurisdiction to have already been strongly indicated by our Supreme Court in the case of Pippinger v. Pippinger, supra. In that case, our Supreme Court upheld an order of a divorce court which required a father to contribute a fixed amount toward the annual college educational costs of his minor child. The trial court order under examination in Pippinger had been entered for the reason that the child involved suffered from a mild type of epilepsy, which it had been shown would limit his occupational opportunities in later life. Because of such fact, it was the conclusion of the trial court in that case that a college education, which it was proven the child was capable of benefiting from, would better qualify the child to make a livelihood. The trial court's order requiring the father to contribute to the cost of such education on a basis which was commensurate with the father's income was upheld by the Supreme Court. As we read Pippinger, its total result is: First, that a divorced father does not have an absolute duty to pay for the college expenses of his minor child; and, second, that when it has been properly demonstrated at trial that the welfare of the child will be served by further education at the college level, the father can properly be compelled to contribute to the costs of such education on a basis commensurate with the father's ability to pay until such time as the child attains majority or is otherwise emancipated.
In the present case, we find evidentiary support within the record to support the trial court's conclusion that Barry had the ability and capacity to benefit from further education at the college level, and its conclusion in this regard is hereby affirmed. *85 Accordingly, its specific order that the father pay the sum of $1,100 to Barry as a contribution to college costs already incurred is sustained since that sum, the father concedes, was available for Barry from the funds of an irrevocable trust which the father had established for Barry's benefit.
However, the balance of the order which was entered in the trial court requires that the father pay from time to time such sums as might be required to pay for the costs of Barry's college education. This portion of the order is unlimited in scope as to the amounts which the father might be required to pay and is unrestricted as to the period of time during which he might be compelled to make such payments. It was established at the hearing that the father's income, while substantial, was limited and subject to numerous demands. Such being the case, it is obvious that the order contemplates only the needs of the child and does not bear any relationship to the ability of the father to pay, and, under the facts of this case, it could possibly become confiscatory of all of the father's available resources. A support order is not valid where it can have such effect. Brown v. Brown, 131 Colo. 467, 283 P.2d 951. We rule that such portion of the order cannot be sustained, and it is hereby vacated. Elmer v. Elmer, 132 Colo. 57, 285 P.2d 601.
This cause will be remanded for further proceedings, and, considering the rulings made here as to the obligation of the husband to contribute to the cost of his child's education, we must also determine his right to direct and select the nature of that education, since he has asserted in this appeal that such right co-exists with the obligation to contribute. Custody of Barry is with the wife, and where such is the case, we hold that it is for her as custodian to make the decisions concerning the place and nature of Barry's college education, subject only to the approval of the divorce court acting with due regard for the financial capabilities of the father. Zande v. Zande, 3 N.C.App. 149, 164 S.E.2d 523.
For the above reasons, the subject order of the trial court is affirmed in part, reversed in part, and this cause is remanded for further proceedings consistent with this opinion.
DWYER and ENOCH, JJ., concur.