586 P.2d 1010 (1978)
Nancy M. HAYNES, Plaintiff-Appellant,
v.
William S. HAYNES, Defendant-Appellee.
No. 78-012.
Colorado Court of Appeals, Division II.
November 2, 1978.
Kenneth E. Harris, Jr., Westminster, for plaintiff-appellant.
William S. Haynes, pro se.
ENOCH, Judge.
Plaintiff appeals from a judgment terminating child support and awarding a lump sum of $1,500 for college expenses. We reverse.
The parties were divorced January 28, 1969, at which time the court continued the matter to a date certain for permanent orders. On April 22, 1969, the parties filed a property settlement agreement, and the court entered its order that the agreement "is approved, accepted, referred to, and adopted by the court as the order of this Court . . . ." Under the agreement plaintiff obtained custody of the three minor children and defendant agreed to pay $175 per month per child. The agreement provided defendant would continue to make *1011 the monthly support payments until each child reached the age of 21 or completed a college education or professional education, whichever occurred last. The defendant also agreed to provide for support and expenses of post-high school education. The two older children elected not to go to college, and both are now emancipated. At the time of the last hearing (October 4, 1977, continued to December 1, 1977), the youngest child, Mark, was 18 years of age, a freshman at the University of Colorado, and afflicted with epilepsy.
There have been numerous court hearings during the stormy career of this case, with various counsel appearing for the parties, and the parties often appearing pro se to enforce or modify the decree. After the final hearing, at which no evidence was taken, the court determined that defendant should pay $1,500 toward Mark's college expenses for the first year; that Mark should be able to finance his own schooling thereafter; that the arrearage of $686.17 paid by defendant on October 13, 1977, was available for the school expenses; and that defendant would have no further obligation for support.
Plaintiff contends that the court erred in failing to recognize the continuing validity of the child support and education provisions in the divorce decree insofar as the decree defined the specific obligation of defendant to support his son until he completes a college or professional education. We agree.
Although a parent does not have an absolute duty to pay for the college expenses of his minor child as part of his obligation of support, the parent may be ordered to pay those expenses if the court finds that the welfare of the child will be served by further education at the college level. Van Orman v. Van Orman, 30 Colo. App. 177, 492 P.2d 81 (1972). Here, defendant himself recognized that his children might benefit from a college education, and he agreed in the property settlement agreement to assume responsibility for the costs of that education. The property settlement agreement became part of the court's divorce decree by virtue of C.R.S.1963, 46-1-5(6), then applicable, providing that a written agreement of the parties became a part of the court's order or decree if it was "filed in the action and referred to and approved and adopted in any order or decree."
Property settlement agreements incorporated into the decree are not ordinarily subject to future modification. Lay v. Lay, 162 Colo. 43, 425 P.2d 704 (1974). However, a provision for child support and custody, which is part of an incorporated agreement, can be modified. Berglund v. Berglund, 28 Colo.App. 382, 474 P.2d 800 (1970). But modification should not be made unless it appears that changed circumstances make enforcement of the original order inequitable. Huber v. Huber, 143 Colo. 255, 353 P.2d 379 (1960). See also Wattenburg v. Wattenburg, 156 Colo. 349, 398 P.2d 977 (1965).
Here, there was no evidence whatsoever of changed circumstances to warrant termination of support, especially in light of the recent diagnosis of Mark's epilepsy. See Pippinger v. Pippinger, 145 Colo. 140, 357 P.2d 911 (1960). Nor was there any evidence that defendant was unable to contribute to his son's education; on the contrary, the parties had set aside proceeds from the sale of certain property to guarantee that defendant would pay all his child support obligations. And there was no showing that Mark was emancipated. Van Orman, supra. Therefore, it was error for the court to disregard the terms of the decree and terminate defendant's obligations of support and school expense when his son was only 18 and a freshman in college.
Citing Noonen v. Noonen, 166 Colo. 331, 443 P.2d 723 (1968), the court determined that it had authority to ignore the provisions of the agreement because the support order resulted solely from an agreement between the parties, and was not an order entered after a contested hearing before the court. Although we agree that parties may not by agreement tie the hands of the court concerning the issue of support *1012 for minor children, we disagree that Noonen may be read as holding that in every case where an agreement has been incorporated into the decree without adversary hearing, the court may modify the decree without a finding of changed circumstances. In Noonen, the court did find a change of circumstances. The thrust of the dictum in Noonen is that a court need not find changed circumstances where enforcement of the support order would be inequitable from the outset. In the case at hand, because there was no evidence taken, there is no evidence of change of circumstances and no indication of any inequity in defendant's agreement for support, including educational expenses.
The court also erred in crediting the $686.17 support arrearage that defendant had paid in October toward the amount the court assessed for the current 1977-78 school expenses. There was no disagreement that this was an amount due for past months' support up to and including September 1977, and had no relation to school expenses. As such, the payment could not be credited as a payment of school expenses, those expenses being a future obligation.
The judgment is reversed and the cause is remanded with directions to reinstate the order of monthly support in effect at the time of the hearing. The cause is also remanded for a new hearing for the taking of evidence and a determination of the change of circumstances, if any, which might affect the order of support and a determination of the amount of defendant's obligation for school expenses, taking into consideration the son's needs and defendant's ability to pay.
KELLY and STERNBERG, JJ., concur.