Richard L. HESSELTINE, Gregory D. Hesseltine, Scott L. Hesseltine, and Michelle J. Hesseltine, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Civ. A. No. 81–C–1743.

United States District Court, D. Colorado.

May 10, 1982.

Bruce Gordon, Plaut & Lipstein, P. C., Lakewood, Colo., for plaintiffs.

John R. Barksdale, Asst. U. S. Atty., Denver, Colo., for defendant.

ORDER

CARRIGAN, District Judge.

Defendant has filed a motion for partial summary judgment and plaintiff submitted a written response. The issues have been thoroughly briefed and I find that oral argument would not materially assist in considering or deciding the motion.

The facts are undisputed. This wrongful death action arose from a collision between a United States Army dump truck and a vehicle driven by the plaintiffs' father. Both their father and their mother, the sole passenger in the car, were killed. At the time of the crash, the plaintiffs were 18, 19, 21 and 22 years old, respectively. Suit was filed under the Federal Torts Claims Act. The parties agree that Colorado law governs.

Section 13–21–203(1), C.R.S.1973 defines the measure of damages in a Colorado wrongful death action, thus:

"... such damages as [the finder of fact] may deem fair and just ... except that if the decedent left neither a widow, widower, nor *minor* children, nor a dependent father or mother, the damages recoverable in any such action shall not exceed forty-five thousand dollars...." (Emphasis added.)

■ The government contends that a "minor," for the purposes of this statute, is a person under eighteen years old. The Hesseltine children argue that minority extends until twenty-one. I conclude that a child is a minor, as that term is used in this statute, until his or her twenty-first birthday.

The government's argument focuses on the fact that in recent years the General Assembly has reduced minimum age requirements in other statutes, and argues from that that the age of majority should be eighteen. It emphasizes that at eigh-

teen, persons are now entitled to sue and be sued, § 13–22–101, C.R.S.1973; may be prosecuted for crimes as adults, § 19–1–103(2); and, may vote, § 1–2–101(1), C.R.S. 1973.

Notwithstanding those statutes, the government acknowledges that there has been no change in the Colorado legislature's general definition of "minor," found in § 2–4–401(6), C.R.S.1973. That subsection provides:

" 'Minor' means any person who has not attained the age of twenty-one years. No construction of this subsection (6) shall supercede the express language of any statute."

This definition applies to "every statute unless the context otherwise requires." § 2–4–401, C.R.S.1973. The wrongful death statute has no express language amplifying, modifying or contradicting the general statutory definition of "minor." Those statutes which have lowered the age of majority in other contexts manifest a specific intent to that effect. Absent a clear legislative determination, it is not for a federal court to imply an amendment to a Colorado statute.

■ Analysis of the wrongful death statute underscores this position. The legislature distinguished between dependent persons, to whom unlimited monetary damages are available, and those not dependent whose recovery is limited to forty-five thousand dollars. Evidently, the legislators determined dependency by whether the death in question resulted in deprivation of support. A mother or father may or may not be a dependent.[1]

Had the Hesseltine parents not been killed, their obligation to support their children until each reached twenty-one would have continued. *Van Orman v. Van Orman*, 30 Colo.App. 177, 492 P.2d 81 (1971). Young adults of the plaintiffs' ages need financial support to get a start in life. To preclude plaintiffs at age eighteen from recovering their full lost parental support from the entity whose fault deprived them of that support, while requiring parents not killed to support their children to age twenty-one would be anomalous and absurd.[2] For example, one who tortiously killed the father of an eighteen-year old would escape responsibility, but the surviving mother would have shifted to her the full burden of supporting the child until age twenty-one. I conclude, therefore, that a "minor" within the context of § 13–21–203(1), C.R.S.1973 is a person under twenty-one years old.

The parties requested an extension of the discovery cut-off date while the motion for summary judgment was under advisement. Since the motion has been decided, the discovery cut-off date stands unless either party shows good cause, in writing, why it should be extended.

Accordingly,

IT IS ORDERED that the defendant's motion for partial summary judgment and the stipulated motion for extension of the discovery cut-off date are denied.

---

1. The parents of the decedents have not joined in this suit, indicating that they were not dependents.

2. This statement indicates no opinion regarding the issue of liability. Obviously, the question of damages will not arise unless liability is proven.