**JUNE OIL AND GAS, INC. and Cook Oil and Gas, Inc., Plaintiffs-Appellants,**

v.

**James G. WATT, Secretary of the United States Department of the Interior, et al., Defendants-Appellees.**

No. 81–1178.

United States Court of Appeals, Tenth Circuit.

Sept. 23, 1983.

Philip G. Dufford and Phillip D. Barber, Welborn, Dufford, Cook & Brown, Denver, Colo., for plaintiffs-appellants.

Carol E. Dinkins, Asst. Atty. Gen., Kathryn A. Oberly and Arthur E. Gowran, Attys., Dept. of Justice, Washington, D.C., Joseph F. Dolan, U.S. Atty., Richard A. Jost, Asst. U.S. Atty., Denver, Colo., for defendants-appellees.

Before DOYLE, McKAY and SEYMOUR, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Appellants appeal from an unfavorable Colorado District Court judgment and order in two consolidated cases, namely, *June Oil and Gas, Inc., et al. v. Andrus,* et al, No. 81–1178, and *Grynberg, et al. v. Andrus,* No. 81–1315. The cases were separated for review. In the district court defendant Department of Interior, Bureau of Land Management (hereinafter BLM) and plaintiffs June Oil and Gas, Inc. and Cook Oil and Gas, Inc. (hereinafter June Oil), each moved for summary judgment. The court granted the BLM's motion and denied June Oil's motion.

### FACTS

June Cook and Michael C.B. Cook were married in 1955. They executed a pre-nuptial agreement which provides in essence that all assets then owned or acquired in the future by each party were to remain the separate property of each party.

June Cook and Michael Cook are citizens of the Netherlands and Great Britain, respectively.

June Oil and Cook Oil are Colorado corporations established by the parties. June Cook owns 100% of the stock of June Oil and Michael Cook owns 100% of the stock of Cook Oil. At the time the lease offers in dispute herein were made the officers of June Oil and Cook Oil were as follows:

| Officers | June Oil and Gas, Inc. | Cook Oil and Gas, Inc. |
|---|---|---|
| President/Director | Michael C. B. Cook | June Cook |
| Secretary/Treasurer/ Director | Adrianna van der Stock | Adrianna van der Stock |
| Vice President for Land Administration | Madeline A. Meyer | Kati P. Ward |

Also, at the time of the subject drawings, June Cook served as Chairman of the Board of Directors of June Oil and Michael Cook served as Chairman of the Board of Directors of Cook Oil.

In mid 1978, June Oil and Cook Oil filed drawing entry cards on two parcels of land located in Colorado denominated CO–337 and CO–361. Each of the companies sought to obtain oil and gas leases on the lands. Neither June Cook nor Michael Cook filed individual lease offers in any of the drawings in question. The entry cards submitted by Cook Oil were signed by Kati P. Ward; those filed by June Oil were signed by Madeline A. Meyer. The results of the drawings were as follows: June Oil received first priority on CO–337 and second priority on CO–361. Cook Oil received no priority on CO–337, but received first priority on CO–361.

On August 31, 1978, the BLM, after review of the qualifications file for each corporation, issued a decision rejecting the priority offers, citing a multiple filing by the companies in violation of 43 C.F.R. § 3112.-5–2 (1978).

June Oil and Cook Oil appealed the BLM's decision to the Interior Board of Land Appeals (hereinafter the IBLA), which consolidated the cases for review. The IBLA upheld the decision of the BLM. 41 I.B.L.A. 394 (1979).

The Cooks appealed the BLM and IBLA decisions to the United States District Court for the District of Colorado. That court determined that defendants' motions for summary judgment should be granted. The Cooks' motion for summary judgment was denied. 506 F.Supp. 1204 (D.Colo. 1981). The district court determined that the BLM and IBLA had not acted arbitrarily, capriciously or not in accordance with the law in rejecting the priority offers. Thereafter, the district court entered final judgment, dismissing the Cooks' cause of action. This appeal followed.

The district court did not modify the IBLA's conclusions. It entered judgment accordingly.

Among the IBLA's findings were the following: June Oil and Cook Oil, as corporations, had both filed offers in the identical and simultaneous oil and gas lease drawings. The directors in each of the two corporations had authority to file offers and execute leases on behalf of the other corporation. Further, the two corporations had similar articles of incorporation, maintained the same business address, and shared business facilities and personnel for purposes of convenience. Based upon these facts the IBLA concluded that the corporations were sufficiently interrelated to make the drawings inherently unfair and the offers were prohibited by 43 C.F.R. § 3112.5–2 (1978) dealing with multiple filings. The IBLA relied on *Schermerhorn Oil Corp.,* 72 I.D. 486 (1965) in finding a prohibited multiple filing. Although the IBLA agreed with plaintiffs that *Schermerhorn* was distinguishable in part (since in *Schermerhorn* one corporation filing for a lease owned part of another corporation filing for the same parcel and here no such common ownership arrangement exists) the board relied on *Schermerhorn* to reject the priorities of June Oil and Cook Oil because of the interrelatedness of the corporations. In *Schermerhorn,* the two corporations filing were interrelated in a similar way.

The IBLA based its decision, in part, on the theory that common officers breach

their fiduciary duty to the corporation when both corporations file lease offers in the same parcel of land. The reasoning was that when a business opportunity, such as filing for an oil and gas lease, arises which is equally appropriate for either corporation, the directors cannot take the opportunity for one of the corporations without breaching their duty to the other unless the corporations are in fact not competing and the action is beneficial to both regardless of in whose name the action is taken. The IBLA stated that such dual filings could be justified only if they were beneficial to both corporations, i.e., if they increased each corporation's chance of being awarded a lease or an interest therein. Thus, the IBLA upheld the BLM's rejection of the offers made by June Oil and Cook Oil as prohibited multiple filings.

\* \* \*

June Oil's argument was that neither of the two bases relied upon by the district court and BLM is sufficient to deny the lease offers submitted by June Oil and Cook Oil. *Schermerhorn Oil Corp., supra,* and the BLM's theory of inherent unfairness based upon the alleged interrelatedness of June Oil and Cook Oil, do not apply to the facts of this case, according to appellant. It distinguishes *Schermerhorn* and other similar cases, saying that they involved a situation in which a company owned stock or other beneficial interest in another company filing in the same lottery. In that manner, the company which owned stock in the other would benefit if either of the two companies drew a priority on the lease. Here June Oil points out that neither June Oil nor Cook Oil owned a beneficial interest of any kind in the other.

Thus June Oil maintains that no unfair advantage was gained in the filing by either or both companies.

The second basis of the decision, that a breach of the fiduciary duty owed June Oil and Cook Oil by their directors gave the other company an additional opportunity to gain a lease, is also unsupported by evidence in the record, by the regulation, or by case law, June Oil argues. Only when a corporate employee or director competes in a substantial manner with the corporation, is there a breach of trust. No such competition existed in this case, according to June Oil.

June Oil also argues that the district court and the IBLA irrationally distinguish between the permitted filings by husbands and wives, and the filings in this case. Had June Cook and Michael Cook been American citizens, they could have filed individually and won the leases. Yet, June Oil maintains, the agency decision denies two corporations with no joint interest the right to file on the same parcel.

We disagree with the position which June Oil and also Cook Oil have taken. The reason is plain. June and Michael Cook were fiduciaries in each other's corporation. As the IBLA stated, corporate officers breach their fiduciary duty to a corporation when they file lease offers on behalf of other corporations.

Inasmuch as both June Cook and Michael Cook owe a fiduciary duty to the corporation of the other, we are constrained to affirm the judgments of the IBLA and of the district court.